RECEIVED
IN MONROE, LA

AUG 22 2006
AC
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAMIEN WILLIAMS | CIVIL ACTION NO. 06-1202 |
| VS. | SECTION P |
| WARDEN, | JUDGE JAMES |
| DAVID WADE CORR. CENTER | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about July 17, 2006 by *pro se* petitioner Damien Williams. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the David Wade Correctional Center, Homer, Louisiana where he is serving concurrent fifteen year sentences imposed following his August 2000 convictions for attempted manslaughter in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### Statement of the Case

The petition, its accompanying memorandum, and the published jurisprudence of the State of Louisiana establish the following relevant chronology of events:

Petitioner was arrested and charged with two counts of attempted first degree murder. On August 1, 2000 petitioner pled guilty to two counts of attempted manslaughter. In accordance with a plea agreement petitioner was sentenced to serve two concurrent fifteen year sentences.

[doc. 1-1, paragraph 3; doc. 1-3, p. 1] Petitioner did not appeal his conviction and sentence. [doc. 1-1, paragraph 6]

On July 25, 2002 petitioner filed an application for post-conviction relief in the Fourth Judicial District Court raising claims identical to the claims raised herein. [doc. 1-1, paragraph 7] On some unspecified date an evidentiary hearing was convened and relief was denied by the trial court. [*id.*] Petitioner applied for writs in the Second Circuit Court of Appeals; on November 7, 2002 the Second Circuit granted writs in part and remanded the matter to the trial court. [*id.*]

Eventually, petitioner sought review in the Louisiana Supreme Court. On January 13, 2006 the Supreme Court denied writs. *State of Louisiana ex rel. Damien L. Williams v. State of Louisiana*, 2005-0638 (La. 1/13/2006), 920 So.2d 228.

Petitioner signed the instant petition on July 5, 2006. [doc. 1-3, p. 8] It was received and filed in this court on July 17, 2006.

## Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. §2244(d)(1)(A)], thirty days following the August 7, 2000 imposition of sentence[2] or, on or about September 7, 2000. Under 28 U.S.C. § 2244(d)(1) he had one year, or until September 7, 2001 to file his federal *habeas* petition.

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the instant petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. The amendment became effective on August 15, 2003 [See LA Bill Hist., 2003 Reg. Sess.] after petitioner was sentenced. Nevertheless, for the purposes of this Report, petitioner has been given the benefit of the amendment in the determination of the date upon which his judgment of conviction became final for AEDPA purposes.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until July 25, 2002, and by that time, the limitations period had already expired. Neither this filing, nor any of his subsequent filings could operate to toll the limitations period since these proceedings were filed <u>after</u> the limitations period had already expired, and, as stated above, the lapse of time <u>before</u> the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Thus, a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed; accordingly, his *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 22nd day of August, 2006.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE